# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**UNITED STATES OF AMERICA,**

v.

**WALTER YOUNG,**

    Defendant.

Case No. 7:12-CR-14 (HL)

## ORDER

A pretrial conference was held in this case on July 16, 2012. During the conference, several pending motions were heard. The Court enters the following order on those motions.

### I. Government's Motion in Limine to Preclude Introduction of Hearsay Statements by the Victim if He Does Not Testify (Doc. 16)

The Court reserves ruling on the Government's motion as to any hearsay statements made by Alfonso Moreno. Defense counsel stated during the hearing that he has been in contact with Moreno and intends to subpoena him to the trial of this case. If Moreno appears at trial, this motion in limine becomes moot. If Moreno does not appear, the Court will revisit this issue at trial.

### II. Government's Motion in Limine to Prohibit Defendant's Introduction of Irrelevant and Unfairly Prejudicial Evidence Offered for Purposes of Jury Nullification (Doc. 17)

In this motion, the Government seeks to exclude certain video evidence showing Moreno's behavior prior to Defendant's arrival at the Tift County Jail and

certain photographs showing injuries to Moreno. The Court has reviewed all three videos provided by the Government, as well as the photographs. The Court finds that all of the videos and the photographs are admissible, and denies the motion in limine. All pertinent parts of the videos should be shown to the jury in chronological order. The Court considers pertinent any footage of Moreno and any footage of Moreno's and Defendant's interactions. The down time on the videos should be edited out, and counsel will be allowed to explain to the jury any gaps in time. Counsel should come to an agreement prior to trial as to the video footage that will be shown to the jury.

### III. Government's Motion in Limine for a Pretrial Ruling Authorizing Presentation of Evidence Under Federal Rule of Evidence 404(b) (Doc. 18)

The Government seeks a pretrial ruling authorizing it to present Rule 404(b) relating to an incident between Defendant and Ricky Hembree. The motion is denied. The Court finds that the proposed evidence is more prejudicial than probative, and further, the jury can determine intent from the video footage and the testimony of the witnesses present during the event.

### IV. Defendant's Motion in Limine to Exclude the Introduction of Impermissible Character Evidence and Hearsay Statements (Doc. 19)

Defendant moves the Court to exclude all evidence and testimony relating to the Hembree incident. For the reasons discussed in Part III above, the motion is granted.

## V. Defendant's Motion in Limine to Exclude the Introduction of Impermissible Character Evidence and Hearsay Statements (Doc. 20)

In this motion, Defendant seeks to exclude evidence relating to an incident from 2003 or 2004 where Defendant fired a warning shot over the head of a fleeing suspect. The motion is granted. The Court finds that this incident is too remote and is more prejudicial than probative.

## VI. Defendant's Motion for Order Permitting the Inspection of Premises (Doc. 21)

Defendant's attorney seeks an order allowing him to inspect, photograph, and videotape all areas of the Tift County Jail in which Moreno was housed, and all areas in which Moreno encountered Defendant. As stated from the bench, this motion is granted. Counsel for the Government is ordered to speak with the Tift County Sheriff's Office about making arrangements for the inspection.

## VII. Miscellaneous

The parties are ordered to file their proposed voir dire questions and their proposed jury charges by the close of business on July 20, 2012.

This case is ready for trial and is number one on the July trial calendar. Jury selection will take place on July 30, 2012, beginning at 9:00 a.m.

## VIII. Conclusion

The Court reserves ruling on the Government's Motion in Limine to Preclude Introduction of Hearsay Statements by the Victim if He Does Not Testify (Doc. 16).

The Government's Motion in Limine to Prohibit Defendant's Introduction of Irrelevant and Unfairly Prejudicial Evidence Offered for Purposes of Jury Nullification (Doc. 17) and the Government's Motion in Limine for a Pretrial Ruling Authorizing Presentation of Evidence Under Federal Rule of Evidence 404(b) (Doc. 18) are denied. Defendant's Motion in Limine to Exclude the Introduction of Impermissible Character Evidence and Hearsay Statements (Doc. 19), Defendant's Motion in Limine to Exclude the Introduction of Impermissible Character Evidence and Hearsay Statements (Doc. 20), and Defendant's Motion for Order Permitting the Inspection of Premises (Doc. 21) are granted.

**SO ORDERED**, this the 17th day of July, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh